```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  ANNE PINGS
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California 95814
 4  Telephone: (916) 554-2785
 5
 6
 7
 8                IN THE UNITED STATES DISTRICT COURT
 9              FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  UNITED STATES OF AMERICA,     )    CR. NO. S-04-398-DFL
                                  )
12          Plaintiff,            )
                                  )
13      v.                        )    SENTENCING ORDER
                                  )
14  ANDREW A. KROGH,              )
            Defendant.            )
15                                )
    _____)
16
17      On August 25, 2005, the matter came before the Court for
18  sentencing.  The defendant appeared and was represented by Kim Ryan.
19  The United States was represented by Assistant U.S. Attorney Anne
20  Pings.  The United States Probation Office was represented by Terri
21  Wilkins, the presentence report writer.
22      Prior to imposing sentence, the Court considered the following:
23  the Presentence report prepared by the United States Probation
```

Office, defendant's sentencing memorandum, the government's response to the defendant's sentencing memorandum, and various letters from family members and friends.

The Court heard and considered the defendant's arguments as to why he should be sentenced under the "sporting exception" to the firearms sentencing guideline set forth at United States Sentencing Guidelines Section 2K2.1 which applies only where the firearms were possessed "<u>solely</u> for <u>lawful</u> sporting purposes or collection." Because defendant kept two guns under his bed, one of them loaded, for his protection, they were not possessed "solely" for collection purposes. Consistent with the plain language of the guideline provision and the case law interpreting it set forth in the government memorandum, the Court found that the defendant was ineligible for the guideline reduction for this reason.

The defendant asked the Court to sentence the defendant below the guidelines on a variety of equitable theories. The Court considered that the defendant's prior felony conviction was essentially possession of a pipe bomb, and not a technical violation as portrayed by his friends and family in their letters to the Court. The Court also considered that there was evidence of other ongoing criminal activity in the defendant's life at the time of his arrest, including the presence of methamphetamine; the fact that

1  several of these guns were stolen; the defendant's connection to the
2  AR-15, another weapon which was also stolen; vast quantities of live
3  ammunition in his home; the fact that, over a period of years, he
4  has been falsely stating that he does not have a felony conviction
5  on numerous applications to buy guns; that he is dealing with people
6  who are stealing from other people who are also drug users; and that
7  he was unorthodox in his acquisition of guns, buying guns from
8  strangers, disregarding the risk that they might be stolen or have
9  been used in a crime.

10     For these reasons, the Court declined to depart downward under
11  the sentencing guidelines.  In addition, under 18 U.S.C. § 3553(a),
12  the Court found that the reasonable sentence was 18 months, which is
13  the bottom of the guideline range.  The Court found it was the
14  appropriate sentence given the number of guns, the history of gun
15  dealing, and the reckless way in which the defendant went about
16  collecting the weapons.

17     For these reasons and the reasons stated in open court, the
18  Court imposed the sentence as set forth in the Judgement filed in
19  this case.

20  **IT IS SO ORDERED.**

21  Dated: 10/19/2005

22

23

1
2
3        _____
4        DAVID F. LEVI
         United States District Judge
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23